IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00525-GPG

DALE ROBERT HEIL, Secured Party Creditor,

    Plaintiff/Petitioner,

v.

FEDERAL COURTS,
STATE COURTS,

    Defendants/Respondents.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Dale Robert Heil, is a resident of Meeker, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a "Notice of Understanding and Intent and Claim of Right and Notice of Denial of Consent" (ECF 1) on March 12, 2015. On March 17, 2015, the Court ordered Mr. Heil to cure deficiencies in his document (ECF 3). On April 16, 2015, Mr. Heil filed a Complaint (ECF 5) alleging various claims against the Federal Courts and States Courts resulting from his being forced to register as a sex offender. Plaintiff has been granted leave to proceed pursuant to 42 U.S.C. § 1915 (ECF 6).

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

Plaintiff asserts five claims against the Federal Courts and State Courts. The

claims are difficult to understand as they are currently pled, but Mr. Heil cites to the UCC, Article 1 section 10 of the U.S. Constitution, the Eighth Amendment of the U.S. Constitution, the Fifth Amendment of the U.S. Constitution, Articles 2, 3, 4, 11, 13 of the Universal Declaration of Human Rights, and Common Law.

The alleged facts asserted by Mr. Heil involve him being forced to register as a sex offender upon his release from prison on September 25, 2011. According to Mr. Heil, he was convicted of a sex offense on November 19, 1987, before the sex offender registry laws were enacted.

In his request for relief, Mr. Heil seeks immediate removal from the sex offender registration and the right to keep and bear arms.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Prolix, vague, or unintelligible pleadings violate Rule 8.

Plaintiff's claims are not organized in a manner that allows the Court and defendants to determine the supporting facts for each of his claims. Plaintiff must identify, clearly and concisely, the defendant he is suing with respect to each asserted claim and what each named defendant did that allegedly violated his rights. Further, Plaintiff's Complaint includes unnecessary and unintelligible legal argument about the UCC and his status as a Secured Party Creditor.

It appears that Plaintiff is attempting to file a civil rights action, which is a 28 U.S.C. § 1983 claim if it is against state actors and a Bivens claim if it is against federal actors. "Under *Bivens*, an individual has a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority." *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").

If he is indeed pursuing a §1983 and *Bivens* action, Mr. Heil has sued the wrong Defendants. The State Courts and the Federal Courts are improper parties to such actions. The State of Colorado and its entities are protected by Eleventh Amendment

immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Similarly, "absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The Federal Government has not waived its sovereign immunity in a Bivens actions. *See Meyer*, 510 U.S. at 484-86.

Therefore, Plaintiff should name as defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control

or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 410 (1971),] or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 or *Bivens* suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Therefore, if Mr. Heil wishes to pursue a civil rights suit, he must assert the claim against the individual federal or state employees who allegedly violated his constitutional rights.

To state a claim in federal court Plaintiff must explain (1) what a named defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  This Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that sues the proper parties and complies with the requirements of Fed. R. Civ. P. 8.

Accordingly, it is

ORDERED that Plaintiff, Dale Robert Heil, cure the designated deficiencies and file an amended Complaint that sues the proper parties, alleges specific facts in support of his claims and demonstrate how each named Defendant personally participated in the asserted constitutional violation, and complies with Rule 8 of the Federal Rules of Civil Procedure **within thirty (30) days from the date of this order**.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Complaint as directed **within thirty days from the date of this order**, the Complaint and action may be dismissed without further notice.

DATED April 27, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge