IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00525-GPG

DALE ROBERT HEIL, Secured Party Creditor,

    Plaintiff/Petitioner,

v.

NO NAMED DEFENDANTS,

    Defendants/Respondents.

## ORDER OF DISMISSAL

    Plaintiff, Dale Robert Heil, is a resident of Meeker, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a "Notice of Understanding and Intent and Claim of Right and Notice of Denial of Consent" (ECF No. 1) on March 12, 2015. On March 17, 2015, the Court ordered Mr. Heil to cure deficiencies in his document (ECF No. 3). On April 16, 2015, Mr. Heil filed a Complaint (ECF No. 5) alleging various claims against the Federal Courts and States Courts resulting from his being forced to register as a sex offender because his sex offense conviction occurred before the sex registry laws were enacted. Plaintiff has been granted leave to proceed pursuant to 42 U.S.C. § 1915. (ECF No. 6).

    On April 27, 2015, the Court ordered Mr. Heil to file an amended complaint within thirty (30) days. (ECF No. 7). Specifically, the Court ordered Mr. Heil to file an amended Complaint that complies with the requirements of Fed. R. Civ. P. 8, sues the proper parties, alleges specific facts in support of his claims and demonstrates how each

named Defendant personally participated in the asserted constitutional violation. Plaintiff was also notified that if he failed to amend the Complaint as directed within the time allowed, the Complaint and action could be dismissed without further notice.  On May 29, 2015, a few days after the thirty day deadline, Plaintiff filed an amended Complaint. (ECF No. 8).  After reviewing the Amended Complaint, the Court has determined that Plaintiff failed to amend the Complaint as directed.  Therefore, for the reasons discussed below, the Amended Complaint and action will be dismissed without prejudice.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

In the April 27, 2015 Order, the Court directed Plaintiff to identify, clearly and concisely, the defendant he is suing with respect to each asserted claim and what each named defendant did that allegedly violated his rights.  The Court also noted that the Plaintiff's Complaint included unnecessary and unintelligible legal argument about the UCC and his status as a Secured Party Creditor.

Plaintiff's Amended Complaint failed to cure the deficiencies as directed in the Court's April 27, 2015 Order.  Instead of asserting claims against proper parties, as directed, Plaintiff's Amended Complaint lists no parties as Defendants.  He states that "[i]t was never Plaintiff's intent to sue anyone or file a civil rights action against any person.  Plaintiff only used the courts as defendants [in the initial Complaint] because the courts have to make a ruling, and the lower courts refused to do so." (ECF No. 8 at

3). The Court specifically instructed Plaintiff that he needed to name what a defendant did to him, when they did it, how the action harmed him, and what specific legal right the defendant violated. By failing to list any defendant whatsoever, the Plaintiff has failed to properly amend his complaint.

Furthermore, the Amended Complaint fails to use all sections of the court-approved complaint form and does not include the "Claim for Relief and Supporting Factual Allegations" section or the "Request for Relief" section. The Plaintiff was previously instructed, in the Court's March 17, 2015 Order directing him to cure deficiencies, of the requirement to use the court-approved form to file his complaint. (ECF No. 3).

Finally, the Court notes that the Amended Complaint still includes unnecessary and unintelligible legal argument about the UCC and Plaintiff's status as a Secured Party Creditor. Specifically, the Amended Complaint states that Plaintiff "found a remedy and then filed a UCC Financing Statement," which "puts him under 'Common Law' jurisdiction" and "changed his status from a Debtor to a Creditor." (ECF No. 8 at 2). It is completely unclear how the UCC relates to the Plaintiff's argument that he should not be forced to register as a sex offender.

Therefore, for the reasons discussed above, the Court will dismiss the Amended Complaint and action for failure to comply with Fed. R. Civ. P. 8 and a court order. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992) (decision to dismiss complaint pursuant to Rule 8 is within trial court's sound discretion). The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the

purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Amended Complaint (ECF No. 8), and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with Fed. R. Civ. P. 8 and a court order.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  2nd  day of     June          , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court